Johann vs. Rufener, Garnishee.

JOHANN vs. RUFENER, Garnishee.

PRACTICE: GARNISHMENT.

1. After issue taken on the answer of a garnishee, a motion for judgment on such answer, made and denied, does not entitle the garnishee to a judgment of dismissal and for costs; but plaintiff is still entitled to a trial of the issues of fact raised by the pleadings, as in other cases.

2. Where the garnishment was for moneys alleged to be due the principal debtor on a purchase of land from him by the garnishee, and the defense set up by the garnishee was that said unpaid purchase money was due to the wife of the principal debtor, it is intimated that on paying into court the amount in controversy, and filing the proper affidavit, the garnishee should be permitted to withdraw his answer, and an order should be made substituting the wife of the principal debtor as defendant in the garnishee suit. Tay. Stats., 1420, § 22.

APPEAL from the Circuit Court for *Fond du Lac* County.

On the 16th of February, 1870, the plaintiff commenced an action by an attachment in the circuit court, against Christian Rufener, and the same day caused the respondent to be duly summoned as a garnishee. The respondent answered before a court commissioner, on the 26th of the same month, as he was required to do by the notice of garnishment served upon him, and disclosed that he had in his hands $317, which was part of the proceeds of the sale of Christian Rufener's farm; but he claims that the money belonged to the wife of the latter. The answer of the garnishee was filed in the clerk's office, June 17th, 1870; and on the 29th of September following, the plaintiff served upon the garnishee a notice that he was not satisfied with his answer, and elected to have a trial upon the issue made thereby.

At the October Term, 1870, of the circuit court, the plaintiff moved for judgment upon the answer of the garnishee; and on the day that judgment was rendered in the principal action against Christian Rufener (November 15, 1870) the court denied the motion for judgment against the garnishee. The garnishee suit was afterward noticed for trial by the plaintiff at several terms of the circuit court. At the January term, 1872, the same was noticed for trial by both parties; and when the cause was reached in its order on the calendar, the plaintiff being ready for trial, the court, on motion of the attorney of the garnishee, then and there made *ore tenus*, dismissed the garnishee action, and gave judgment against the plaintiff for the costs thereof.

The plaintiff appealed from the judgment.

*Norman S. Gilson* (with *Gerrit T. Thorn*, of counsel), for appellant.

*Fred. O. Thorp*, for respondent.

LYON, J. The answer of the garnishee leaves it in doubt whether the money in his hands belongs to the judgment

debtor or to the wife of the latter.   Certainly it does not ad-
mit that the same belongs to the judgment debtor, and the cir-
cuit court very properly denied the plaintiff's motion for judg-
ment against the garnishee upon his answer.

The answer, in form, denies that the garnishee has money in
his hands belonging to the judgment debtor, although certain
facts are stated therein which are not entirely consistent with such
denial.  It sufficiently appears from the answer, however, that Mrs.
Rufener claims to be the owner of the money in the hands of the
garnishee.   This raises the distinct issue of fact as to the own-
ership of the money.   The plaintiff duly elected to have such
issue tried, and the same was for trial at the first jury term of
the circuit court next after the term at which judgment was ob-
tained in the principal action.   Tay. Stats. 1480, § 53.

The circuit court held that by moving for judgment upon the
answer, the plaintiff waived the right to have a trial of the issue
made by the answer of the garnishee.   We think that the court
was wrong in giving such effect to the motion.   It very fre-
quently happens, in the trial of causes wherein issues of fact
have been made by the pleadings, that one party or the other
moves for judgment upon the pleadings.   The motion by the
plaintiff may rest upon the claim that the answer admits the
material allegations of the complaint ; and the motion may be
made by the defendant on the ground that the complaint fails
to state a cause of action, or that a reply to a counter-claim fails
to state a defense thereto.   On such motion it may be held that
the complaint states a cause of action, or that the answer con-
tains a defense to the action, cr that the reply contains a de-
fense to the counter-claim, as the case may be ; and the motion
for judgment may therefore be denied.   But was it ever held
that because a party had made such a motion, which was de-
nied because an issue of fact was made by the pleadings, he
thereby waived his right to have that issue tried ?   We have
been referred to no cases which hold any such doctrine, and are
entirely unable to perceive how it can be sustained.

In this proceeding the plaintiff, by his motion for judgment, took the opinion of the court as to whether the answer of the garnishee made an issue of fact. The court being of the opinion that an issue of fact was made thereby, and the plaintiff having already elected to have such issue tried, nothing remained to be done but to try the same when the cause should be reached in its order. Instead of doing so, the court dismissed the proceedings. For this error the judgment must be reversed.

We deem it proper to say, that under the special circumstances of this case, if the garnishee defendant desires to relieve himself from the burden of this defense, on paying into court the moneys in controversy, and filing the required affidavit, he should be permitted to withdraw his answer, and an order should be made substituting Mrs. Rufener in the place of the respondent in the garnishee action. This practice is sanctioned by the statute. Tay. Stats., 1420, § 22. This course will relieve him from all liability to Mrs. Rufener, in case he should be held as the garnishee of her husband, the judgment debtor.

If the plaintiff declines to avail himself of the privilege given by the statute, the issue must be tried as it now stands, and the parties must abide the result.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.